

# THE ATTORNEY GENERAL

## OF TEXAS

AUSTIN, TEXAS 78711

CRAWFORD C. MARTIN
ATTORNEY GENERAL

August 14, 1972

Hon. John E. Fitzgibbon
County Attorney
Webb County Courthouse
Laredo, Texas

Opinion No. M- 1188

Re: Whether, pursuant to
Sec. (h) of Article
14.08, Texas Election
Code, a party nominee
who failed to timely
file sworn expense
statements is precluded
from having his name
placed on the general
election ballot.

Dear Mr. Fitzgibbon:

Your recent letter requesting the opinion of this
office concerning the referenced matter states, in part, as
follows:

"The events that resulted in this request
are as follows: Alfonso 'Poncho' De La Garza was
the Democratic winner of the Second Primary held
on June 3, 1972, over his opponent, and conse-
quently is now the Democratic nominee for the
office of the County Commissioner of Precinct 1,
Webb County, Texas.

"The First Primary was held on May 6, 1972.
In accordance with Article 14.08 of the Texas
Election Code, he filed timely on the 28th day
of April, 1972, an expense account with the
County Clerk for Webb County. After such elec-
tion he was required by such article to file a
supplemental sworn statement, not more than ten
days after the election. This he failed to do,
but he did file a supplemental expense statement

with the Democratic County Chairman on the 11th of May, 1972. Article 14.08 also requires a candidate whose name is appearing on the ballot at the second primary to file a similar sworn statement with the County Clerk not less than seven days nor more than ten days prior to the election, and a similar supplemental sworn statement not more than ten days after the election. He failed to file such statement with the County Clerk prior to the election, and failed to file such statement after the election. He did, however, file a statement with the Democratic Chairman prior to the second primary on the 24th day of May, 1972, and filed a statement after the election with the Democratic Chairman on the 7th day of June, 1972. On or about the 5th day of July, 1972, the Democratic Chairman sent these statements over to the office of the County Clerk of Webb County, and such statements were duly filed in such office, on the 5th day of July, 1972 . . .

"In the County of Webb, there will appear on the ballot at the General Election a Republican candidate for the office of the County Commissioner of Precinct 1, of Webb County, Texas. Therefore, because of the omission of such filings with the office of the County Clerk, the question now being directed to the Attorney General is whether or not Alfonso 'Poncho' De La Garza is eligible to have his name placed on the ballot in the November general election . . ."

The above facts recite that the candidate at issue timely prepared all legally required sworn statements of contributions received by him, pursuant to Sections (b) and (c) of Article 14.08, Texas Election Code, but that he mistakenly filed these statements with the county Democratic chairman, rather than properly filing them with the County Clerk. It was solely for this reason that the statements

were not timely filed with the County Clerk. Your request must be viewed, therefore, in light of this salient fact.

The penalty for failing to timely file the sworn statements with the County Clerk is set forth in Article 14.08, Texas Election Code, as follows:

"(h) Any candidate failing to file such sworn statement at the time provided or swearing falsely therein shall be subject to forfeiture, in accordance with the procedure stated in Section 245 of this code (Article 14.09), of his right to have his name placed upon the ballot at any subsequent runoff or general election which would be necessary for nomination or election to the term of office which the candidate is seeking."

Article 14.09, Texas Election Code, provides, in pertinent part, as follows:

"Any candidate who shall knowingly permit or assent to the violation of any provision of this Chapter by any campaign manager or assistant campaign manager, or other person, shall thereby forfeit his right to have his name placed upon the primary ballot, or if nominated in the primary election, to have his name placed on the official ballot at the general election . . .

"Proceedings by quo warranto . . . may be instituted at the suit of any citizen in the district court of any county . . . against any candidate who may be charged in such proceedings with any such violation . . ."

The foregoing provisions of the Texas Election Code have been construed many times by the courts of this State, and three decisions are particularly apposite to the facts set forth in your request.

In _Thorp v. Murchison_, 259 S.W.2d 614 (Tex.Civ.App. 1953, no writ), Murchison received 24,956 votes for constable of Travis County in the general election. His opponent, Thorp, received 29 write-in votes. Thorp claimed Murchison had failed to comply with Section (b) of Article 14.08. In _Thorp_, the court stated that Section (h) of Article 14.08 was a penalty statute, and therefore, had to be strictly construed (see, also, _Ramsey v. Dunlop_, 146 Tex. 196, 205 S.W.2d 979 (1947)), and that a candidate who received a majority of the votes in the general election did not entitle the candidate with the second highest number of votes to be declared elected.

In _State v. Crawford_, 269 S.W.2d 536 (Tex.Civ.App. 1954, no writ), a quo warranto proceeding, the winning candidate for justice of the peace in El Paso County filed his sworn statement one day past the time limit required by Section (b) of Article 14.08. The Court of Civil Appeals adopted the opinion of the trial court, and held as follows concerning Section (h) of the Article:

"'. . . We believe on such consideration of the statute, the word "shall" and "must" as used here is mandatory as to the filing of the statement, but is directory only as to the time when it shall be filed.

"'In holding that the statute is mandatory in requiring a candidate to file this statement and is directory as to the time when such statement must be filed we do not mean that a candidate must not reasonably and substantially comply with the provisions of the act as to time of filing this statement. This he must do, and his failure to do so will be grounds for excluding his name from the ballot, and whether or not the candidate has reasonably and substantially complied with the provisions of the act will be determined under the facts and circumstances of the case as presented.

"'. . . The purpose of requiring such statements to be filed is that the same may be open to public inspection that the voters may determine what persons are influencing by contributing money or credit, or other substantial aid to a candidate, that the public

> may intelligently determine whether or not they should
> support such candidate . . .'" 269 S.W.2d at 542.
> (Emphasis added.)

Thus, the Crawford court held that Section (h) of Article 14.08, insofar as it relates to the time of filing, was directory, not mandatory, and that the test of whether a candidate forfeits his place on the ballot is whether he has substantially complied so that the public may be informed of the nature and source of his campaign contributions so as to cast an informed vote for or against him. The candidate at issue in your request, in our opinion, has met the criteria of the Crawford decision, inasmuch as his sworn statements are now duly filed with the County Clerk several months prior to the general election.

Moreover, the candidate at issue in your request certainly meets the test of Gray v. State, 406 S.W.2d 934 (Tex.Civ.App. 1966, error dism.). In Gray, the winning candidate did not file his sworn statement until six days after the primary election. That court stated that:

> "The prime legislative aim in the enactment of
> the Election Code of the State of Texas was 'that the
> will of the people shall prevail and that true
> democracy shall not perish from the Lone Star State.'
> V.A.T.S., Election Code, Art. 1.01. Any question
> arising under the provisions of the Code should be
> decided with due consideration given that objective.

> "A question posed by the situation in the case
> before us relates to the meaning, if any, to be
> attributed to the word 'knowingly' in Art. 14.09
> of the Election Code as applied to an occasion of
> 'nonfeasance', i.e., when the guilt or fault on the
> part of the candidate for public office (or nomination
> for public office) amounts only to a want of 'timely
> compliance' with the provisions of Art. 14.08(b) . . .

> "* * *

> "We are convinced that only in an instance where
> a candidate would intentionally and culpably delay
> filing the required statement (in other words when he
> would do so with actual or implied knowledge that the
> electorate would be deceived concerning the identity
> of those who were aiding him in his efforts to win

a nomination or elective office and/or the amount of aid being received therefrom) that such 'sin of omission' should justify judicial deprivation of any victory won in the subsequent election.  If we are correct in this conclusion then the word or term 'knowingly' . . . would mean that such delay or omission was caused or permitted in an attempt to influence the election."  406 S.W.2d at 935-36.

The rationale of the foregoing three court decisions is also supported by Attorney General's Opinion No. WW-1380 (1962), which held that a county Democratic chairman and a county Democratic executive committee had the duty to certify the candidate who received the majority of votes in the second primary, even though the candidate did not timely file his sworn statement pursuant to Sections (b) and (c) of Article 14.08.

In view of the foregoing authorities, and under the facts submitted in your request, you are advised that Alfonso "Poncho" De La Garza is eligible to have his name placed on the ballot in the general election to be held on November 7, 1972.

S U M M A R Y

In the instant fact situation, the candidate at issue timely prepared all required sworn statements, as required by Article 14.08, Texas Election Code, but mistakenly filed them with the county Democratic chairman, rather than the county clerk. Under the circumstances, this office is of the opinion that the candidate has met the "substantial compliance" test of previous court decisions, and is eligible to have his name placed on the ballot for the general election to be held on November 7, 1972.

Very truly yours,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by Austin C. Bray, Jr.
Assistant Attorney General

Hon. John E. Fitzgibbon, page 7   (M-1188)


APPROVED:
OPINION COMMITTEE

Kerns Taylor, Chairman
W. E. Allen, Co-Chairman
Jim Swearingen
Bill Flanary
Bob Gauss
Scott Garrison

SAMUEL D. McDANIEL
Staff Legal Assistant

ALFRED WALKER
Executive Assistant

NOLA WHITE
First Assistant